MICHAEL J. HEYMAN
United States Attorney

CARLY VOSACEK
Assistant U.S. Attorney
IBAD H. JAFRI
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Email: carly.vosacek@usdoj.gov
Email: ibad.jafri2@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JOHN POMPURA,<br><br>　　　　　　Defendant. | No.　4:25-cr-00016-RRB-SAO<br><br>COUNT 1<br>POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES<br>　Vio. of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)<br><br>COUNT 2<br>POSSESSION OF FIREARMS IN FURTHERANCE OF A DRUG TRAFFICKING CRIME<br>　Vio. of 18 U.S.C. § 924(c)(1)(a)(i)<br><br>COUNT 3<br>FELON IN POSSESSION OF A FIREARM<br>　Vio. of 18 U.S.C. §§ 922(g)(1) and 924(a)(8)<br><br>ENHANCED PENALTIES ALLEGATION<br>　21 U.S.C. § 841(b)(1)(B)<br><br>CRIMINAL FORFEITURE ALLEGATION 1<br>　21 U.S.C. §§ 853(a)(1) & (2), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. Rule 32.2(a) |

# INDICTMENT

The Grand Jury charges that:

## COUNT 1

On or about March 12, 2025, within the District of Alaska, the defendant, JOHN POMPURA, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, five grams or more of methamphetamine, its salts, isomers, and salts of its isomers.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

## COUNT 2

On or about March 12, 2025, within the District of Alaska, the defendant, JOHN POMPURA, knowingly possessed three firearms, namely a Taurus .44 caliber revolver, a Mossberg Model 88 12-gauge shotgun, and a Winchester Model MK II shotgun, in furtherance of a drug trafficking crime as charged in Count 1.

All of which is in violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT 3

On or about March 12, 2025, within the District of Alaska, the defendant, JOHN POMPURA, knowing that he had previously been convicted by any court of crimes punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, firearms and ammunition, to wit: two boxes of

.44 caliber ammunition, a Taurus .44 caliber revolver, a Mossberg Model 88 12-gauge, and a Winchester Model MK II shotgun.

All of which is in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

Convictions

| Conviction Date | Offense | Court | Case No |
|---|---|---|---|
| December 7, 2018 | Felon in Possession of a Firearm | U.S. District Court for the District of Alaska | 4:18-cr-00001-01-RRB |
| December 7, 2018 | Possession with Intent to Distribute a Controlled Substance | U.S. District Court for the District of Alaska | 4:18-cr-00001-01-RRB |
| September 30, 2008 | Third Degree Misconduct Involving Weapons | Superior Court for the State of Alaska | 3AN-08-13620 CR |
| June 8, 2007 | Fourth Degree Misconduct Involving a Controlled Substance | Superior Court for the State of Alaska | 3AN-07-3983 CR |

ENHANCED STATUTORY PENALTIES ALLEGATION

Before the defendant, JOHN POMPURA, committed the offense charged in Count 1, he had a final conviction for a serious drug felony – Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, 4:18-cr-00001-01-RRB – for which he served more than 12 months' imprisonment and for which his release from any term of imprisonment related to the offense was within 15 years of the commencement of the offense charged in Count 1.

All pursuant to 18 U.S.C. § 841(b)(1)(B).

## CRIMINAL FORFEITURE ALLEGATION 1

The allegations contained in Count 1 are hereby re-alleged and incorporated by reference for the for the purpose of alleging forfeitures pursuant to 21 U.S.C. §§ 853(a)(1) and (2) and 28 U.S.C. § 2461(c).

Pursuant to 21 U.S.C. §§ 853(a)(1) and (2), upon conviction of an offense in violation of 21 U.S.C. § 841, as set forth in Count 1 of this Indictment, the defendant, JOHN POMPURA, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including a forfeiture money judgment equal to the value of the property; the property to be forfeited includes, but is not limited to:

- Box of .44 caliber ammunition purchased from Three Bears Outpost in Tok, AK
- Taurus .44 caliber revolver with serial number ACL476991
- Mossberg Model 88 12-gauge shotgun with serial number MV61280C
- Winchester Model MK II shotgun with serial number N628524
- Any associated magazines and accessories

All pursuant to 21 U.S.C. §§ 853(a)(1) and (2), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. Rule 32.2(a).

## CRIMINAL FORFEITURE ALLEGATION 2

The allegations contained in Counts 2-3 are hereby re-alleged and incorporated by reference for the for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 924(d), upon conviction of an offense in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 924(c), as set forth in Counts 2-3 of this Indictment, the defendant, JOHN POMPURA, shall forfeit to the United States of America any firearms and ammunition used in and involved in knowing violation of the offenses; the property to be forfeited includes, but is not limited to:

- Box of .44 caliber ammunition purchased from Three Bears Outpost in Tok, AK
- Taurus .44 caliber revolver with serial number ACL476991
- Mossberg Model 88 12-gauge shotgun with serial number MV61280C
- Winchester Model MK II shotgun with serial number N628524
- Any associated magazines and accessories

All pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. Rule 32.2(a).

If any of the property described in Criminal Forfeiture Allegations 1 and 2, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Carly Vosacek for
IBAD H. JAFRI
Special Assistant U.S. Attorney
United States of America

s/ Michael J. Heyman
MICHAEL J. HEYMAN
United States Attorney

DATE: 9/17/25